UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL KEATING, M.D.,

    Plaintiff,

    v.

JEFFERSON PILOT FINANCIAL INSURANCE COMPANY, et al.,

    Defendants.
_____/

No. C 07-0015 PJH

**ORDER GRANTING MOTION TO REMAND AND DENYING MOTION TO DISMISS**

The motion of plaintiff Michael Keating, M.D., for an order remanding the above-entitled action to the Superior Court of California, County of Alameda, and the motion of defendants Jefferson Pilot Financial Insurance Company ("Jefferson Pilot"), Lincoln National Corporation dba Lincoln Financial Group, and James Brady ("Brady") to dismiss the complaint, or in the alternative, motion for summary judgment, came on for hearing before this court on March 28, 2007. Plaintiff appeared by his counsel Arnold R. Levinson and Joel P. Waelty, and defendants appeared by their counsel Leslie C. Green. Having read the parties' papers and carefully considered the arguments of counsel and the relevant legal authority, and good cause appearing, the court finds that the motion to remand must be GRANTED.

This is an action involving denial of benefits under a disability benefits insurance policy. Plaintiff, a citizen of California, alleges that he purchased disability insurance coverage from Jefferson Pilot while he was employed by Medical Anesthesiology Consultants, Inc. ("MAC"). When be became disabled, plaintiff submitted a claim to

Jefferson Pilot, which denied the claim on the ground that plaintiff was not properly enrolled under the policy.

Plaintiff filed suit in Alameda County Superior Court, alleging nine causes of action under state law. Defendants removed the case, asserting federal question jurisdiction. Defendants allege that the policy under which plaintiff claims benefits is an ERISA plan, and that plaintiff's state-law claims are therefore completely preempted. Defendants also assert diversity jurisdiction, claiming that Brady (the only California defendant) is a "sham" defendant.

Any action commenced in state court is removable if it might have been brought originally in federal court. 28 U.S.C. § 1441(a). The removal statutes are construed restrictively, so as to limit removal jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); Hofler v. Aetna US Healthcare, 296 F.3d 764, 767 (9th Cir. 2002). Doubts as to removability are resolved in favor of remanding the case to state court. Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). There is a "strong presumption" against removal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Any lawsuit that "'relate[s] to [an] employee benefit plan [governed by ERISA]'" is removable to federal court. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 62, 66 (1987) (quoting 29 U.S.C. § 1144(a)). Since the burden of establishing federal jurisdiction is on the party seeking removal, a defendant removing a case on the basis that the plaintiff's state law claims necessarily invoke ERISA must prove, beyond any doubt, that the policy at issue is an ERISA plan in order to survive a motion to remand.

Here, defendants have not met their burden of establishing that the policy under which plaintiff seeks benefits is an ERISA plan. While defendants have provided evidence showing that Jefferson Pilot issued a group disability benefits policy to an entity known as "The Anaesthesiologists Office" (or "TAO"), it has not shown that there is any connection between TAO and plaintiff's former employer, MAC, and has not shown that the policy in which plaintiff was allegedly enrolled by Jefferson Pilot – and for which plaintiff was

2

1  allegedly making premium payments – is the same policy that Jefferson Pilot issued in
2  connection with the TAO ERISA plan.  Because defendants have not established that the
3  policy under which plaintiff seeks benefits is an ERISA plan, they have not established
4  federal question jurisdiction.

5  The court also finds that defendants have not met their burden of showing that
6  Brady is a "sham" defendant.  A nondiverse party named in a state court action that has
7  been removed to federal court may be disregarded if the federal court determines that the
8  party's joinder is a "sham" or "fraudulent" so that no possible cause of action has been
9  stated against the party.  <u>Morris v. Princess Cruises, Inc.</u>, 236 F.3d 1061, 1067 (9th Cir.
10 2001).

11 The question in evaluating whether joinder was fraudulent is whether there is any
12 possibility that the plaintiff will be able to establish liability against the party in question.
13 <u>Ritchie v. Upjohn Drug. Co.</u>, 139 F.3d 1313, 1318-19 (9th Cir. 1998).  Under this approach,
14 the joinder of a nondiverse defendant may be treated as "fraudulent" or "sham" only where
15 1) the complaint contains no cause of action whatsoever against the party, 2) the cause of
16 action is patently spurious, or 3) a nominal cause of action is stated, but there is no
17 reasonable basis for imposing liability.  <u>See</u> Schwarzer, Tashima & Wagstaffe, <u>Federal Civil</u>
18 <u>Procedure Before Trial</u> (2007) § 2:672.

19 Because there is a presumption against a finding of fraudulent joinder, the defendant
20 bears a heavy burden of proof.  <u>Nishimoto v. Federman-Bachrach & Assoc.</u>, 903 F.2d 709,
21 712  n. 3 (9th Cir. 1990); <u>Emrich v. Touche Ross & Co.</u>, 846 F.2d 1190, 1195 (9th Cir.
22 1988).  In making the determination, the court must resolve all disputed questions of fact,
23 ambiguous questions of state law, and ambiguous pleadings in the plaintiff's favor.  <u>Plute v.</u>
24 <u>Roadway Package Sys., Inc.</u>, 141 F. Supp. 1005, 1008 (N.D. Cal. 2001).

25 The court finds that defendants have not established that the complaint states no
26 cause of action whatsoever against Brady, that all the causes of action alleged against him
27 are patently spurious, or that there is no reasonable basis for imposing liability.  At a
28 minimum, plaintiff may be able to proceed against Brady on a theory of professional

negligence. Accordingly, because Brady cannot be considered a "sham" defendant, there is no complete diversity between plaintiff and all defendants.

Because the court lacks subject matter jurisdiction over this case, plaintiff's motion to remand must be GRANTED, and the motion to dismiss must be DENIED.

**IT IS SO ORDERED.**

Dated: March 28, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge